IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00497-REB-BNB

MICHAEL BACKUS,

Plaintiff,

v.

JOSEPH ORTIZ, Executive Director, Colo. D.O.C.,
DENNIS P. DIAZ,Controller, Colo. D.O.C., and
L.D. HAY, Director Admin. & Finance, Colo. D.O.C.,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Plaintiff's Motion to Amend Complaint Under Fed.R.Civ.P. 15(a) &(b) to add Routt County Assistant District Attorney Kerry St. James as a Defendant to this Action** [Doc. #18, filed 3/8/06] (the "Motion to Amend").  The plaintiff seeks to amend his Complaint to add as a defendant Kerry St. James, the Routt County Assistant District Attorney.  I respectfully RECOMMEND that the Motion to Amend be DENIED.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court and that leave shall be given freely when justice so requires.  Fed.R.Civ.P. 15(a).  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).

"Where a party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998) (internal quotations and citation omitted). "A district court acts within the bounds of its discretion when it denies leave to amend for untimeliness or undue delay." Id. (internal quotations and citation omitted).

The plaintiff seeks to add Mr. St. James as a defendant on the following basis:

> The responses to Plaintiff's interrogatories which were received on Feb. 13, 2006, by Plaintiff from Defendant Ortiz, have disclosed the fact that Routt County Assistant District Attorney Kerry St. James conspired with and lied to all other Defendants to this action in order to violate Plaintiff's constitutional and statutory protections. See Amended Complaint. Accoridngly, [sic] Plaintiff's complaint needs to be amended to conform to the evidence gained through the discovery process.

*Motion to Amend*, p. 1, ¶ 1.

The allegations of the initial Complaint [Doc. #5, filed 3/16/05] belie the plaintiff's assertion that he did not have sufficient information to name Mr. St. James as a defendant until he received Ortiz's response to his interrogatories. The initial Complaint contains allegations regarding Mr. St. James' behavior and allegations that he conspired with the defendants to deprive the plaintiff of his money and his constitutional rights. *Complaint*, pp. 3(a), 3(b), 4, 6. Indeed, Claim Three states that "all named Defendants conspired with the Routt County District Attorney's Office, i.e., Mr. Kerry St. James, to deprive Plaintiff of his money and procedural due

rpocess [sic] protections as well as his equal protection rights for those actions already outlined."[1] <u>Id.</u> at p. 6.

It is clear from the allegations of the initial Complaint that the plaintiff knew Mr. St. James was a party to the alleged conspiracy. Nevertheless, the plaintiff failed to include Mr. St. James as a defendant in the initial Complaint. The plaintiff's request to amend his Complaint to add Mr. St. James as a defendant is therefore untimely. <u>See</u> <u>Parker</u>, 148 F.3d at 1222. Moreover, the parties have both filed motions for summary judgment which are fully briefed and ready for disposition. To allow the plaintiff to file an amended complaint at this time would be the equivalent of starting the case over. Thus, the plaintiff's proposed amendment would cause undue delay in this case.

Finally, a prosecutor engaged in activities associated with the judicial process is entitled to absolute immunity from a civil suit for damages under section 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976). The proposed amended complaint alleges that Mr. St. James "contrary to a Routt County District Court Order contacted Defendant Ortiz and his constituents and informed the C.D.O.C. Defendants that the Routt County District Court judge wanted all of Plaintiff's funds seized." *Proposed Amended Complaint*, p. 6. These alleged actions fall squarely within the scope of activities protected by absolute immunity, <u>see</u> <u>Imbler</u>, 424 U.S. at 412-13, 430-31, regardless of whether a "genuinely wronged defendant" is left "without civil redress against a prosecutor whose malicious or dishonest action deprives him of a liberty." <u>Id.</u> at 427.

---

[1] The allegations of the proposed amended complaint are identical to the allegations of the initial Complaint except for Claim Three. In his proposed Claim Three, the plaintiff merely expounds on his claim of conspiracy between the defendants and Mr. St. James. *Proposed Amended Complaint*, p. 6.

3

Because Mr. St. James is absolutely immune from suit for his alleged actions, it would be futile to allow the plaintiff to amend his Complaint to name Mr. St. James as a defendant.

Accordingly, I respectfully RECOMMEND that the Motion to Amend be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 15, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4